WESTERN COAL & MINING COMPANY *v.* FOUNTZ.

Opinion delivered November 20, 1911.

MASTER AND SERVANT—NEGLIGENCE—PROXIMATE CAUSE.—Where plaintiff's intestate, a miner, was killed by a rock falling upon him, a recovery of damages against the master will not be sustained on account of the master's failure to furnish props as requested by the intestate if the undisputed evidence establishes that if the props had been furnished as requested they would not have been used to prop this particular rock.

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

*Ira D. Oglesby* for appellant.

*Robert A. Rowe,* and *S. T. Rowe* and *Paul Little,* for appellee.

McCULLOCH, C. J.    Appellee's intestate, Al Fountz, was killed by a falling rock, while working as a miner in appellant's coal mine, and this suit is to recover damages sustained by the next of kin.    The right of action is based upon the failure of appellant's servants, on demand of said intestate and his coworker, to furnish timbers for props with which to support the roof from which the rock fell.    Appellee recovered damages below in the sum of $1,000, and an appeal to this court is prosecuted.

The case went to the jury, so far as concerns the manner in which Fountz was injured, entirely on the testimony of one Lemley, who was Fountz's co-worker, and who was introduced as a witness by appellee to establish her case.    Lemley and Fountz were working together in the room when the rock fell. They were engaged in taking down the draw slate, and they called for props to support the roof as their work progressed. The roof was supported by a few props, which they had to remove as they took down the slate and then replace them, but there were not sufficient props for that purpose, hence their demand for more.    They asked for props on Thursday and again on Friday, the day Fountz was killed, but they were not furnished.    Some props were brought to them, but not of sufficient length to use.    They had taken down the slate on one side of the room, and discovered that there was a loose rock on the other side—the rock which afterwards fell and killed Fountz.

It was about 10 or 12 feet long, 4½ feet wide, and about 9 inches thick, running back to a feather edge on one side. Fountz tapped the rock with his hand, and remarked about its being loose, and said that it would probably fall that night when they fired shots to break down the coal, and one of them remarked that if it did not fall that night "we will pull it down in the morning and throw it in the gob." They went to work again, Fountz being at work on the side of the room under the loose rock, and it soon afterwards fell and killed him. Lemly was asked the question during his examination whether they intended to use the props to support the rock which was loose, and he replied that they did not, and would not have used props for that purpose if the same had been furnished when called for, but that they intended to prop the roof at that place after the rock came down or was taken down. The same question was repeated several times in varying form, and elicited the same answer from the witness. He explained later in his testimony that, if the rock did not fall that night when shots were fired, and if they had found it the next morning not loose enough for them to pull down, they would have propped it, but that they had no intention of propping it until then. The testimony of this witness stands uncontradicted, and upon it appellee relies entirely to sustain her recovery. This being the state of the case, we can not see how the failure to furnish props can be deemed the cause of the injury, either proximately or remotely. The timbers were not ordered to prop up the loose rock, and would not, according to the positive testimony of the witness, have been used for that purpose if they had been furnished before the injury occurred. That being true, the failure to furnish props had nothing to do with the injury, and the result would have been the same if props had been furnished. The master had no duty to perform with respect to making the miner's room safe, except to furnish timber for props when demanded; and if a rock fell, which the workmen had no intention of propping at that time, it can not be said that the injury was caused on account of failure of duty on the master's part. Even though the workmen were not negligent in working under the loose rock, the injury resulted solely from an error of judgment on their part in concluding that the rock would not fall unless shaken down by shot firing, and that it would be

safe to work under it for the remainder of the day and until it could be ascertained whether or not the shot firing would bring it down. We are of the opinion, therefore, that the verdict is without evidence to support it, and that the court should have granted appellant's request for a peremptory instruction. As the testimony is uncontradicted, and could not be otherwise on another trial, no useful purpose would be served in remanding the case.

Reversed and dismissed.